GEORGE TAIT, Plaintiff-Appellant, v. THE COUNTY OF SANGAMON, Defendant-Appellee.

Fourth District   No. 4—85—0295

Opinion filed November 5, 1985.

Maddox Law Offices and Gramlich Law Offices, P.C., both of Springfield (Joseph W. Maddox, Charles J. Gramlich, and Daniel C. Lanterman, of counsel), for appellant.

J. William Roberts, State's Attorney, of Springfield (Ann L. Carr, Assistant State's Attorney, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff, George Tait, brought this declaratory judgment action on behalf of himself and all other persons similarly situated, alleging that a portion of costs assessed against him and all other class members in collateral criminal proceedings were not authorized by statute. The trial court granted the motion to dismiss made by the defendant, the county of Sangamon, ruling that the plaintiff's claim was not an appropriate one for declaratory relief.

After pleading guilty to the offense of driving under the influence of intoxicating liquor, Tait was sentenced to supervision and ordered to pay the costs of the proceedings as determined by the court clerk. Tait paid these costs, including sheriff fees of $11 for the original charge, $2 for admitting the prisoner to jail and $2 for releasing him. Tait did not file a motion to retax costs, nor did he appeal his conviction and sentence. Instead, he filed this class action suit, contending only those sheriff fees enumerated in section 19 of "An Act fixing and providing for the payment of State's Attorneys and their assistants ***" (Ill. Rev. Stat. 1983, ch. 53, par. 37) can be assessed against a criminal defendant who is convicted.

The trial court decided a declaratory judgment action was not appropriate because the plaintiff had an adequate remedy other than declaratory relief. The existence of another remedy does not preclude a declaratory judgment action. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) On the other hand, the granting of declaratory relief is a matter which rests in the discretion of the trial court, and the court can properly exercise its discretion by allowing a motion to dismiss. (*Bathe v. Stamper* (1966), 75 Ill. App. 2d 265, 220 N.E.2d 641.) The central purpose of the declaratory judgment procedure is to allow the court to address a controversy one step sooner than normally, after the dispute has arisen but before steps are taken which give rise to a claim for damage or other relief. (*Kaske v. City of Rockford* (1983), 96 Ill. 2d 298, 450

N.E.2d 314.) In the present case, the costs had already been assessed and paid by the plaintiff. The plaintiff now is attacking a prior judgment and is not seeking to learn the consequences of future action. The plaintiff could have filed a motion to retax the costs in the criminal proceeding. (*People v. Horn* (1978), 64 Ill. App. 3d 717, 381 N.E.2d 790.) A court can, in the exercise of its discretion, dismiss a declaratory judgment action when it appears another well-recognized form of action has accrued. *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 289 N.E.2d 491.

██ The defendant further argues the present suit is barred as a collateral attack. The order to pay costs was part of the judgment in the prior criminal case and was subject to review on direct appeal. (*People v. Castile* (1981), 87 Ill. 2d 73, 429 N.E.2d 495.) Thus, the present suit constitutes a collateral attack on the judgment in the criminal case. The plaintiff argues that portion of a judgment assessing costs not authorized by statute is void. He, therefore, concludes this collateral attack is permissible. Any error in assessing the costs did not defeat the jurisdiction of the trial court in the criminal proceeding. An erroneous decision arising from the misconstruction of a statute does not render the resulting judgment void. *Chicago Title & Trust Co. v. Mack* (1932), 347 Ill. 480, 486, 180 N.E.2d 412, 414.

The present case is almost identical to *Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 410 N.E.2d 656, and *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 457 N.E.2d 395. In *Sanner*, the plaintiffs brought a class action suit seeking reimbursement for fines and costs paid as a condition of probation. This court noted the statutes under which probation was imposed did not authorize the imposition of fines and costs as a condition of probation. We, however, found the class action suit was barred as an impermissible collateral attack. At issue in *Malone* was whether the plaintiff could bring a civil class action suit to challenge the constitutionality of fines levied against him and other class members in collateral criminal proceedings. The court held the plaintiff was barred from raising the constitutional issue in an *ad hoc* collateral proceeding.

██ █ The plaintiff notes that in *Sanner*, this court stated that where probation was still in effect, the court could be petitioned in those proceedings for reimbursement. He asserts he was still under supervision when he filed his civil suit. In *Malone*, the court stated that even if the circuit court had continuing jurisdiction, a collateral attack on the judgment against the plaintiff and on judgments imposed on numerous others who were not parties to the proceeding in which the plaintiff was convicted was not a fair or appropriate proce-

dure. (99 Ill. 2d 29, 34, 457 N.E.2d 395, 398.) The plaintiff attempts to distinguish *Malone*, noting that it involved a constitutional challenge to a statute. An unconstitutional order, however, is no less defective than one based upon a misconstruction of a statute. While both are erroneous, neither is void. Like *Sanner* and *Malone*, the present case simply involves an attempt to challenge a criminal judgment in a civil class action suit. We find the plaintiff's suit is barred as an impermissible collateral attack.

For these reasons, the order of the trial court dismissing the plaintiff's complaint is affirmed.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.