NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190154-U

NO. 4-19-0154

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRETT T. SNODGRASS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| KWAME RAOUL, in His Official Capacity as Attorney | ) | No. 18MR565 |
| General of the State of Illinois; and VAUGHN | ) | |
| BENTLEY, in His Official Capacity as an Attorney for | ) | |
| the Department of Financial and Professional Regula- | ) | Honorable |
| tion, | ) | Jack D. Davis II, |
| Defendants-Appellees. | ) | Judge Presiding. |

---

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err by granting defendants' motion to dismiss plaintiff's complaint.

¶ 2     In July 2018, plaintiff, Brett T. Snodgrass, filed *pro se* a complaint against defendants, Kwame Raoul, in his official capacity as Attorney General of the State of Illinois, and Vaughn Bentley, in his official capacity as an attorney for the Department of Financial and Professional Regulation (Department). In his complaint, plaintiff raised a facial constitutional challenge to section 9(B)(1) of the Medical Practice Act of 1987 (Act) (225 ILCS 60/9(B)(1) (West 2018)), which requires a person applying for a license under the Act to submit evidence the person "is of good moral character." Specifically, plaintiff asserted the section was void for vagueness and thus violated the due process clause of the fourteenth amendment (U.S. Const., amend.

XIV).

¶ 3    In January 2019, defendants filed a motion to dismiss plaintiff's complaint under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)), noting plaintiff failed to allege "by what mechanism he brings his facial challenge or how he would be entitled to the relief he requests." Defendants further noted plaintiff's claim failed on the merits because the Illinois Supreme Court has already upheld the requirement of good moral character in the case of *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91-92, 606 N.E.2d 1111, 1118-19 (1992). Plaintiff filed a response to the motion to dismiss, (1) asserting six reasons why section 9(B)(1) of the Act was void for vagueness, (2) questioning the supreme court's analysis in the *Abrahamson* decision, (3) contending he has standing to raise his argument, and (4) apologizing for not meeting "the formatting standards of an attorney." Plaintiff also filed a motion for leave to file an amended complaint. After a March 2019 hearing, the Sangamon County circuit court granted defendants' motion to dismiss, denied plaintiff leave to file an amended complaint, and dismissed plaintiff's complaint with prejudice.

¶ 4    Defendant appeals *pro se*, seeking reversal of the circuit court's dismissal of his complaint. We affirm.

¶ 5                    BACKGROUND

¶ 6    According to plaintiff's July 2018 *pro se* complaint, he received "an amended notice-of-intent-to-deny letter" from the Department in administrative case No. 2018-03057 on May 9, 2018. The May 2018 letter listed five reasons why the Department intended to deny plaintiff a medical license. One of the reasons the Department listed was plaintiff lacked the required moral character required to hold a license as a physician and surgeon in the State of Illinois. Plaintiff mailed an amended reply to the Department on May 10, 2018. In addition to the

- 2 -

aforementioned facts, plaintiff asserted eight reasons why section 9(B)(1) of the Act is unconstitutional on its face. Plaintiff concluded his petition by asking for a pretrial hearing. On the day he filed his complaint, plaintiff also filed two journal articles related to good moral character. Plaintiff continued to file documents in support of his constitutional challenge, which included the following: (1) numerous articles from various journals discussing good moral character, (2) transcripts from the floor debates related to the Act, and (3) copies of legal decisions related to good moral character. Plaintiff also filed documents in which he set forth and discussed the "Aicher Rational Basis Test" and the canons of morality. However, plaintiff did not provide a copy of the Department's amended notice-of-intent-to-deny letter or plaintiff's response to that letter. Additionally, the outcome of plaintiff's application for a license under the Act is unknown.

¶ 7        In January 2019, defendants filed their motion to dismiss with a supporting memorandum of law. As stated, defendants brought their motion under section 2-615 because plaintiff failed to allege "by what mechanism he brings his facial challenge or how he would be entitled to the relief he requests." Defendants also contended plaintiff's claim failed on the merits based on the *Abrahamson* decision. Plaintiff filed a response to the motion to dismiss and supporting memoranda. He contended he stated a claim seeking relief from "an unjust and unfair law that is intolerably vague." Plaintiff noted he had "created six categories of reasons" showing why section 9(B)(1) was void for vagueness. Additionally, plaintiff questioned the analysis in *Abrahamson* and asserted he had standing.

¶ 8        On March 7, 2019, plaintiff filed *pro se* a "brief for plaintiff's first amended complaint." Plaintiff again contended he had standing. However, in addition to the due process clause, plaintiff asserted section 9(B)(1) was void for vagueness under the "Liberty" and

"Privileges" clauses of the fourteenth amendment. That same day, the circuit court held a joint hearing on defendants' motion to dismiss and plaintiff's request for leave to file a first amended complaint. After hearing the parties' arguments, the court granted defendants' motion to dismiss and denied plaintiff's request for leave to file a first amended complaint. The court also indicated a written order would be filed.

¶ 9 On March 11, 2019, plaintiff filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). The circuit court entered its written order dismissing with prejudice plaintiff's complaint on March 22, 2019. Under Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), "[a] notice of appeal filed after the court announces a decision, but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order." Thus, this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 10                                          II. ANALYSIS

¶ 11 In this case, the circuit court granted defendants' section 2-615 motion to dismiss. Defendants argued they were entitled to dismissal because (1) plaintiff failed to allege the cause of action in which plaintiff was bringing his constitutional argument and (2) the supreme court's decision in *Abrahamson* defeated plaintiff's constitutional claim. A section 2-615 motion to dismiss challenges a complaint's legal sufficiency. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21, 135 N.E.3d 891. In reviewing the complaint's sufficiency, the court takes all well-pleaded facts as true and construes the allegations in the complaint in the light most favorable to the plaintiff. *Roberts*, 2019 IL 123594, ¶ 21. With a section 2-615 motion, the court can only consider the facts apparent from the face of the complaint and any attached exhibits. *Hadley v. Doe*, 2015 IL 118000, ¶ 29, 34 N.E.3d 549; *Khan v. Deutsche*

*Bank AG*, 2012 IL 112219, ¶ 56, 978 N.E.2d 1020.  Additionally, the court may not dismiss with prejudice a cause of action under section 2-615 unless it is clearly apparent no set of facts can be proved allowing the plaintiff to recover.  *Roberts*, 2019 IL 123594, ¶ 21.  This court reviews *de novo* an order granting a section 2-615 motion to dismiss.  *Roberts*, 2019 IL 123594, ¶ 21.  We note defendants' argument based on the *Abrahamson* decision would have been more appropriately brought under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)) because it raised an affirmative matter seeking to defeat the claim.  Regardless, our review of the circuit court's dismissal under either section is *de novo*.  *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31, 976 N.E.2d 318.

¶ 12        Moreover, we note this court may affirm the circuit court's grant of a section 2-615 motion to dismiss on any basis supported by the record.  *Dawson v. City of Geneseo*, 2018 IL App (3d) 170625, ¶ 11, 127 N.E.3d 655.  Our supreme court has a long-standing rule " 'cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort.' "  *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34, 89 N.E.3d 341 (quoting *In re E.H.*, 224 Ill. 2d 172, 178, 863 N.E.2d 231, 234 (2006)).  "Consequently, courts *** must avoid reaching constitutional issues when a case can be decided on other, nonconstitutional grounds, and such issues should be addressed only if necessary to decide a case." (Internal quotation marks omitted.)  *Carle Foundation*, 2017 IL 120427, ¶ 34 (quoting *People v. Hampton*, 225 Ill. 2d 238, 244, 867 N.E.2d 957, 960 (2007)).

¶ 13        While it appears the circuit court dismissed plaintiff's complaint on the basis plaintiff could not prove section 9(B)(1) was unconstitutional based on the supreme court's *Abrahamson* decision, we begin by examining the legal sufficiency of plaintiff's complaint on nonconstitutional grounds.  Defendants argued in their memorandum supporting their motion to

dismiss that plaintiff's complaint failed to allege a legally recognized claim, *i.e.*, breach of contract or malpractice, in which plaintiff was raising his constitutional claim. We agree with defendants. The fact plaintiff brought his complaint *pro se* does not relieve him of the duty of pleading an actual cause of action. "[I]n civil proceedings, *pro se* litigants are held to the same standard as those represented by counsel, presumed to have full knowledge of and to comply with applicable court rules and procedures, and are not entitled to more lenient treatment." *Titus v. Alaeddin*, 2018 IL App (3d) 170400, ¶ 10, 118 N.E.3d 707.

¶ 14        Our supreme court has explained a proper complaint as follows:

> "To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]" *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009 (1981).

In his complaint and brief requesting leave to file an amended complaint, plaintiff failed to expressly state what legally recognized claim he was using to properly raise his constitutional challenge. A review of the facts in the complaint does not provide a clear indication of what legally recognized claim plaintiff was raising.

¶ 15        One possible interpretation of plaintiff's complaint is plaintiff was seeking administrative review of a decision by the Department because he cited an administrative case number

in his complaint. Administrative review may be obtained under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2018)) or with a writ of *certiorari* if the Administrative Review Law does not apply. See *Board of Education of Woodland Community Consolidated School District 50 v. Illinois State Charter School Comm'n*, 2016 IL App (1st) 151372, ¶ 44, 60 N.E.3d 107. However, plaintiff's complaint failed to allege a *final* decision or even a decision by the Department. See 735 ILCS 5/3-102 (West 2018) (noting the Administrative Review Law only governs the judicial review of *final* decisions of an administrative agency). Instead, plaintiff's complaint alleged he had received an amended notice-of-intent-to-deny letter from the Department, and plaintiff mailed a response to the Department's letter. Thus, the facts in plaintiff's complaint only show the Department, subject to plaintiff's response, intended to deny plaintiff's application on five grounds, including a failure to show good moral character as required by section 9(B)(1) of the Act. Thus, plaintiff did not plead sufficient facts establishing an administrative review action.

¶ 16        Likewise, plaintiff did not plead sufficient facts establishing a cause of action for declaratory judgment. This court has previously identified the elements of an action for declaratory judgment as follows: "(1) a plaintiff with a tangible legal interest, (2) a defendant with an adverse interest, and (3) an actual controversy regarding that interest." *AG Farms, Inc. v. American Premier Underwriters, Inc.*, 296 Ill. App. 3d 684, 689, 695 N.E.2d 882, 887 (1998). Our supreme court has defined " 'actual controversy' as 'a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.' " *AG Farms, Inc.*, 296 Ill. App. 3d at 690, 695 N.E.2d at 887 (quoting *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300 (1977)). The "some part thereof" language "does not mean an element of a

single claim, but, rather, it means an entire claim which is part of more than one claim." *Marlow v. American Suzuki Motor Corp.*, 222 Ill. App. 3d 722, 730, 584 N.E.2d 345, 350 (1991). A judicial determination of the constitutionality of section 9(B)(1) would not resolve plaintiff's application or some distinct part of the application with the Department because plaintiff did not allege the Department had found plaintiff failed to meet the requirement set forth in section 9(B)(1) and denied him a license under the Act. Plaintiff only alleged the Department gave notice it was intending to deny his application under the Act and one of the grounds for the intended denial was plaintiff failed to meet the requirement set forth in section 9(B)(1) of the Act. Additionally, plaintiff pleaded the Department listed four other grounds for its intent to deny plaintiff a license. Thus, we find plaintiff did not plead sufficient facts showing an actual controversy existed.

¶ 17 Additionally, given the fact plaintiff pleaded in his complaint the Department intended to deny his application on four grounds in addition to plaintiff not meeting section 9(B)(1), plaintiff has failed to show how he could ever plead a cause of action allowing the court to reach the merits of his constitutional argument.

¶ 18 Albeit for different reasons, we agree with the circuit court plaintiff cannot state a claim upon which relief may be granted. Thus, the circuit court's dismissal with prejudice of plaintiff's complaint and denial of plaintiff's request for leave to file an amended complaint were proper. Since we have affirmed the circuit court's dismissal of plaintiff's complaint on nonconstitutional grounds, we do not address plaintiff's specific arguments on appeal, all of which are related to his constitutional claim.

¶ 19 In his reply brief, plaintiff asks this court to remand his cause for him to raise an as-applied challenge to section 9(B)(1) of the Act. We find plaintiff has forfeited this argument

by failing to raise it in his initial brief (Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)) and note our analysis of the sufficiency of plaintiff's complaint would have been the same if plaintiff had raised an as-applied constitutional argument instead of a facial one.

¶ 20                                    III. CONCLUSION

¶ 21            For the reasons stated, we affirm the Sangamon County circuit court's judgment.

¶ 22            Affirmed.