NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230652-U

NO. 4-23-0652

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JEFFERY MITCHELL, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| J.B. PRITZKER, Governor; ROB JEFFREYS, Director | ) | No. 22MR479 |
| of the Illinois Department of Corrections; and JOHN | ) | |
| DOES, Chairman and Board Members of the Prisoner | ) | Honorable |
| Review Board, | ) | Dwayne A. Gab, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Lannerd and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the circuit court did not err in dismissing
plaintiff's petition seeking a declaratory judgment and injunctive relief.

¶ 2    In November 2022, plaintiff, Jeffery Mitchell, an inmate in the Illinois
Department of Corrections (IDOC), filed a petition seeking declaratory judgment and injunctive
relief, arguing his 3-year term of mandatory supervised release (MSR) should be included in the
20-year prison sentence he received under his negotiated plea agreement, rather than added to the
end of his sentence. In February 2023, defendant Rob Jeffreys moved to dismiss the petition
pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-
615, 2-619 (West 2022)). After a hearing in May 2023, the circuit court dismissed the petition.
Plaintiff appeals.

¶ 3                                    I. BACKGROUND

¶ 4            Plaintiff is an IDOC inmate serving a 20-year sentence for first degree murder. On November 10, 2022, plaintiff filed a petition for declaratory judgment and injunctive relief, arguing defendants violated the Illinois Constitution's separation of powers clause and plaintiff's due process right under the Illinois and United States Constitutions by adding a 3-year MSR term to his 20-year prison sentence pursuant to section 5-8-1(d) of the Unified Code of Corrections (Code). See 730 ILCS 5/5-8-1(d) (West 2012). The petition alleged plaintiff entered into a negotiated plea agreement, in which he agreed "to plead guilty to first-degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) and receive a sentence of twenty (20) years to be served in [IDOC]." The circuit court accepted the agreement and sentenced plaintiff accordingly. However, upon his commitment to IDOC, plaintiff received paperwork indicating his projected date for release to MSR was April 15, 2028, and his projected discharge date was April 14, 2031. Plaintiff insisted defendants, by setting a 3-year MSR term to follow his 20-year prison term, misconstrued section 5-8-1(d) and increased his sentence without due process. Plaintiff argued the court "must have intended that any imposition of MSR would be inclusive within his sentence," and therefore his sentence should be modified "so that his 3 year term of MSR is included within his term of imprisonment, rather than added to the end of it."

¶ 5            On February 6, 2023, defendant Jeffreys moved to dismiss the petition pursuant to sections 2-615 and 2-619 of the Civil Code, arguing plaintiff failed to state a cause of action upon which relief could be granted and judgment in plaintiff's favor on the issue raised was barred. After a hearing, the circuit court dismissed plaintiff's petition "as to all parties."

¶ 6            This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, plaintiff contends the circuit court erred in granting the motion to dismiss because, *inter alia*, section 5-8-1(d) of the Code unconstitutionally conflicts with the Illinois Supreme Court's decisions in *People ex rel. Michaels v. Bowen*, 367 Ill. 589, 593, 12 N.E.2d 625, 627 (1937), and *People ex rel. Colletti v. Pate*, 31 Ill. 2d 354, 358, 201 N.E.2d 390, 393 (1964), and our holding in *People v. Lee*, 2012 IL App (4th) 110403, 979 N.E.2d 992, was wrongly decided. We disagree.

¶ 9        "A plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted." *Beahringer v. Page*, 204 Ill. 2d 363, 369, 789 N.E.1216, 1221 (2003). Under section 2-615 of the Civil Code, dismissal is proper when a review of the pleadings, viewed in a light most favorable to the plaintiff and taking all well-pleaded facts and reasonable inferences as true, shows "no set of facts can be proved which will entitle the plaintiff to recover." *Beahringer*, 204 Ill. 2d at 369; see 735 ILCS 5/2-615 (West 2022). Under section 2-619(a)(4) of the Civil Code, dismissal is proper when "the cause of action is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2022). We review *de novo* a dismissal under sections 2-615 and 2-619. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31, 976 N.E.2d 318. We may affirm on any ground appearing in the record, regardless of the circuit court's reasoning. *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21, 17 N.E.3d 223.

¶ 10        Declaratory judgment requires (1) a plaintiff with a legal tangible interest, (2) a defendant having an opposing interest, and (3) an actual controversy between the parties concerning those interests. *Beahringer*, 204 Ill. 2d at 372. "[T]he test of sufficiency of a declaratory judgment action is whether the complaint 'alleges facts showing an actual or justiciable controversy between the parties and prays for a declaration of rights and other legal relations of the parties.' " *AG Farms, Inc. v. American Premier Underwriters, Inc.*, 296 Ill. App.

3d 684, 689, 695 N.E.2d 882, 887 (1998) (quoting *La Salle Casualty Co. v. Lobono*, 93 Ill. App. 2d 114, 118, 236 N.E.2d 405, 408 (1968)). An actual controversy is "a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (Internal quotation marks omitted.) *AG Farms*, 296 Ill. App. 3d at 690.

¶ 11        To obtain injunctive relief, a plaintiff "must demonstrate (1) a clear and ascertainable right in need of protection, (2) that he or she will suffer irreparable harm if the injunction is not granted, and (3) that no adequate remedy at law exists." *Swigert v. Gillespie*, 2012 IL App (4th) 120043, ¶ 27, 976 N.E.2d 1176. Because injunctive relief is an extraordinary remedy, the petition "must contain on its face a clear right to relief," "state facts which establish the right to such relief in a positive[,] certain[,] and precise manner," and those factual allegations "must specifically establish the inadequacy of legal remedy and the irreparable injury the plaintiff will suffer without the injunction." (Internal quotation marks omitted.) *Sadat v. American Motors Corp.*, 104 Ill. 2d 105, 116, 470 N.E.2d 997, 1002 (1984).

¶ 12        The circuit court did not err in dismissing plaintiff's petition because the petition failed to state a cause of action for either declaratory judgment or injunctive relief. "MSR is a mandatory part of a criminal sentence." *Lee*, 2012 IL App (4th) 110403, ¶ 32 (citing 730 ILCS 5/5-8-1(d) (West 1998)). According to section 5-4.5-15(c) of the Code, "[e]xcept when a term of natural life is imposed, every sentence includes a term in addition to the term of imprisonment. *** For those sentenced on or after February 1, 1978, that term is a mandatory supervised release term." 730 ILCS 5/5-4.5-15(c) (West 2012). In *Lee*, we rejected the defendant's assertion his MSR term violated the separation of powers clause, finding "[MSR], formerly parole, is within the power of the Illinois General Assembly, and 'this enactment does not violate the separation

- 4 -

of powers clause of the Illinois Constitution of 1970.' " *Lee*, 2012 IL App (4th) 110403, ¶ 38

(quoting *People ex rel. Scott v. Israel*, 66 Ill. 2d 190, 194, 361 N.E.2d 1108, 1110 (1977)); see

*People v. McChriston*, 2014 IL 115310, ¶¶ 8-31, 4 N.E.3d 29 (finding the imposition of MSR

pursuant to section 5-8-1(d) did not violate the separation of powers clause or the defendant's

due process rights). *Lee* remains good law, and we continue to adhere to its findings regarding

MSR's constitutionality. Plaintiff's petition failed to present an actual, justiciable controversy, as

no error occurred when a 3-year MSR term was added to the end of his 20-year prison term, and

he lacked a clear right to the requested relief. See *AG Farms*, 296 Ill. App. 3d at 689-90; *Swigert*,

2012 IL App (4th) 120043, ¶ 27. Accordingly, the circuit court properly dismissed the petition,

as the petition failed to state causes of action for declaratory judgment or injunctive relief. See

735 ILCS 5/2-615 (West 2022).

¶ 13        The cases upon which defendant relies are inapt. Both *Bowen* and *Pate* predate

the legislation introducing MSR, and neither considered whether an MSR term imposed pursuant

to section 5-8-1(d) should be incorporated into a prison term, as defendant argues. Since the

introduction of MSR, our supreme court has held "the MSR term is included in the sentence as a

matter of law" (*Round v. Lamb*, 2017 IL 122271, ¶ 16, 90 N.E.3d 432), and "[t]he plain language

of section 5-8-1(d) *** was unambiguous and provided that the MSR term be automatically

included as part of defendant's sentence and the [IDOC] did not add onto defendant's sentence

when it enforced the MSR term." *McChriston*, 2014 IL 115310, ¶ 23. Because more recent

Illinois Supreme Court case law has recognized MSR's legitimacy, defendant's reliance on

*Bowen* and *Pate* for the conclusion his 20-year prison term should also include his MSR term is

misguided.

¶ 14        Here, the circuit court properly applied a three-year MSR term pursuant to section 5-8-1(d) of the Code. See 730 ILCS 5/5-8-1(d) (West 2012). The court's imposition of MSR did not violate the separation of powers clause. See *Lee*, 2012 IL App (4th) 110403, ¶ 38; *Israel*, 66 Ill. 2d at 194; *McChriston*, 2014 IL 115310, ¶¶ 8-23. Plaintiff's petition failed to state a cause of action for declaratory judgment and injunctive relief, as the petition did not present an actual controversy, nor did plaintiff have a clear right to the requested relief. Therefore, no error occurred when the court granted the motion to dismiss.

¶ 15                            III. CONCLUSION

¶ 16        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 17        Affirmed.