UNIVERSAL UNDERWRITERS INSURANCE COMPANY *ex rel.* MANLEY FORD, INC., Plaintiffs, v. JOHN D. LONG *et al.*, Defendants (Hung Quoc Do, Counterplaintiff-Appellant; John D. Long, Counterdefendant; Manley Ford, Inc., Counterdefendant-Appellee).

Fourth District   No. 4—90—0323

Opinion filed June 26, 1991.

Paul R. Wilson, Jr., of Wilson & Lanto, P.C., of Rantoul, for appellant.

Michael J. Tague, of Franklin, Flynn & Palmer, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Hung Quoc Do appeals from an order of the Champaign County circuit court dismissing his counterclaim against Manley Ford, Inc., for failure to state a cause of action. We affirm.

## I. Facts

On November 9, 1987, defendant John D. Long went to Manley Ford, Inc. (Manley Ford), and took a 1984 Honda out for a test drive, accompanied by an agent from Manley Ford. Long drove west on Route 136E in Rantoul, following two other cars, the first car driven by Irene Johnson and the second car driven by Hung Quoc Do. All were in the inside westbound lane. Johnson slowed her car and stopped to wait for traffic traveling east, in preparation to turn left. Do failed to slow down and crashed into Johnson's 1981 Buick Riviera. Long crashed into Do's 1980 Chevrolet Citation. All three cars were damaged.

On August 3, 1988, plaintiffs filed a two-count negligence complaint against Do and Long respectively, seeking to recover for damages to the Honda. Do answered the complaint and filed a two-count counterclaim against Long and the auto dealership, seeking to recover $1,500 for the complete destruction of the Chevrolet Citation, and $2,200 the Dos had paid for repairs to Johnson's Buick Riviera.

In February 1990, count II of Do's counterclaim was dismissed on his motion, with leave to refile.

An amended count II was filed on March 1, 1990, and on March 6, 1990, plaintiffs filed a motion to dismiss amended count II of Do's counterclaim for failure to state a cause of action.

On March 27, 1990, the circuit court issued a memorandum opinion and order granting plaintiffs' motion to dismiss amended count II of Do's counterclaim, but allowing Do to file a second-amended count II. On April 16, 1990, Do filed a second-amended count II of the counterclaim, alleging that an agent of Manley Ford was present in the vehicle operated by Long at the time of the accident:

"8. Counter-Defendant, MANLEY FORD, INC., by and through its agent, had the duty at aforesaid time and place to control and direct the operation of the motor vehicle by Counter-Defendant, JOHN D. LONG, to ensure that he did not operate the motor vehicle in a negligent manner.

9. Notwithstanding this duty, Counter-Defendant, MANLEY FORD, INC., by and through its agent negligently failed to prevent Counter-Defendant, JOHN D. LONG, from operating the motor vehicle in a negligent manner, although it knew or should have known that JOHN D. LONG was operating the motor vehicle in a negligent manner as hereinafter alleged, and failed to take action necessary to prevent said negligent operation by Counter-Defendant, JOHN D. LONG."

Do went on to allege Long's negligent acts or omissions, *i.e.*, Long failed to decrease speed to avoid a collision, to keep a proper lookout for stopped traffic, to observe the Johnson vehicle when it could and should have been observed, and to stop his auto in time to avoid the collision when he should have seen it impending and had time and opportunity to avoid it—the same acts set forth in amended count II and deemed insufficient by the circuit court in its March 1990 dismissal order—and concluded that, as a direct and proximate result of Manley Ford's negligence, Long drove the Honda into Do's vehicle.

On April 19, 1990, plaintiffs moved to dismiss the second-amended count II of the counterclaim for failure to state a cause of action. At a hearing held April 23, 1990, the circuit court granted the motion and dismissed second-amended count II with prejudice, entering a Rule 304(a) finding (134 Ill. 2d R. 304(a)). This appeal followed.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

■■■ Initially, we note plaintiffs failed to designate whether the motions to dismiss were brought under section 2—615 or section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619).

> "This procedure should not be countenanced by trial judges, and although not always fatal (*Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253, 433 N.E.2d 1350), it will require reversal if prejudice results to the nonmovant. [Citations.] 'Meticulous practice dictates that a lawyer specifically designate whether his motion to dismiss is pursuant to this section [2—615] or section 2—619. [Citation.]' " (*Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360, 1363.)

(See also *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 199-200, 478 N.E.2d 888, 894-95.) Motions made pursuant to section 2—619 of the Code must be limited to the grounds enumerated therein. (See *Phillips Construction Co. v. Muscarello* (1976), 42 Ill. App. 3d 151, 154, 355 N.E.2d 567, 569; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799, 808; *Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 694, 510 N.E.2d 1111, 1113.) Failure to state a cause of action is not such an enumerated ground, but is instead a basis for a section 2—615 motion. Accordingly, we treat the motions as having been brought pursuant to section 2—615. Ill. Rev. Stat. 1987, ch. 110, par. 2—615.

"In considering a motion to dismiss [brought pursuant to section 2—615], all well-pleaded facts in a complaint must be taken as true with all inferences from it to be drawn in favor of the nonmovant. (*Beckman v. Freeman United Coal Mining Co.* (1986), 151 Ill. App. 3d 47, 54; *Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344.) A complaint should not be dismissed for failure to state a claim unless it clearly appears that no set of facts could be proved under the allegations which would entitle the party to relief." *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473, 564 N.E.2d 1222, 1230.

### III. AUTOMOBILE ACCIDENT LIABILITY WHERE OWNER IS IN VEHICLE

The record on appeal does not specify the circuit court's reasons for granting plaintiffs' motion to dismiss the second-amended count II of Do's counterclaim with prejudice. The court's March 27, 1990, memorandum opinion granting plaintiffs' motion to dismiss amended count II, however, concluded that *Cook v. Connelly Chevrolet Co.* (1931), 261 Ill. App. 242, relied on by Do, did not reflect the modern trend in the law regarding the liability of owner-passengers. On appeal, Do again relies on *Cook*, arguing it is directly on point and urging this court to adopt its holding. *Cook* has no precedential value, however, as it is an appellate court case decided before 1935. *Graham v. White-Phillips Co.* (1935), 296 U.S. 27, 80 L. Ed. 20, 56 S. Ct. 21.

In 1942, the Illinois Supreme Court examined imputed negligence and automobile owner-passengers. (*Palmer v. Miller* (1942), 380 Ill. 256, 43 N.E.2d 973.) Miller, a 20-year-old minor, borrowed his mother's car to go to a dance. He was injured at the dance and had Park, a companion, drive him to the hospital in his mother's car. They were accompanied by Mrs. Palmer, a professional nurse who agreed to come along and attend Miller. Park drove the car into a tree en route to the hospital and Mrs. Palmer sustained injuries, giving rise to suits for personal injuries and money damages. The circuit court entered judgments for the Palmers against Miller and the appellate court affirmed. The supreme court reversed and remanded for a new trial, reasoning as follows:

"It is fundamental in the law of imputed negligence that to impute the negligence of one person to another, such persons must stand in a relation of privity and there is no such thing as imputable negligence except in those cases where such a privity as master and servant or principal and agent exists. ***

\*\*\* The rule is that liability for damage caused by the negligent act of the driver of an automobile, not arising under the doctrine of *respondeat superior*, does not attach against a person other than the driver, unless that person [1] is the owner of the automobile or possesses the right to control the driving of it, and [2] such owner or possessor is riding in the automobile at the time of the injury and [3] *negligently fails to properly control the driver*. Where the owner of the car is riding in it, he has not only the right to possession of it but has such possession and he necessarily retains the power and the right of controlling the manner in which it is being driven unless it is shown that he has contracted away or abandoned that right." (Emphasis added.) *Palmer*, 380 Ill. at 259-60, 43 N.E.2d at 975.

See also *Summers v. Summers* (1968), 40 Ill. 2d 338, 343-44, 239 N.E.2d 795, 799 (action by plaintiff, owner-passenger, against defendant, who was driving plaintiff's car at time of accident); *Martino v. Leiva* (1985), 133 Ill. App. 3d 1006, 1007, 479 N.E.2d 955, 956 (holding there is no duty imposed upon passenger to prevent driver from causing physical harm to another, unless a special relationship exists between driver and passenger); *Sewell v. Wofford* (1985), 131 Ill. App. 3d 62, 64-65, 475 N.E.2d 575, 577-78 (bases for finding owner-passenger liable in negligence for third party's injuries); *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 575-76, 406 N.E.2d 19, 21 (passenger not liable for owner-driver's negligence though he asked intoxicated owner-driver to take him home); *Campanella v. Zajic* (1978), 62 Ill. App. 3d 886, 887, 379 N.E.2d 866, 867 (no joint enterprise); *Ritter v. Taucher* (1978), 65 Ill. App. 3d 464, 467, 382 N.E.2d 343, 345 (appeal from directed verdict for defendant owner-passenger discussing bases on which owner-passenger can be held liable for injuries resulting from her son's driving).

IV. APPLICATION OF CONTRIBUTORY NEGLIGENCE AGAINST OWNER-PASSENGER REQUIRES EVIDENCE OF NEGLIGENT FAILURE TO CONTROL CONDUCT OF DRIVER, WHICH MANDATES EVIDENCE OF FORESEEABLE RISK AND OWNER KNOWLEDGE THEREOF: *BAUER v. JOHNSON* (1980), 79 Ill. 2d 324, 403 N.E.2d 237

■ *Palmer* was further discussed in *Bauer*, which involved a suit by the owner-passenger against the driver of a second vehicle, and an appeal from the denial of judgment *n.o.v.* where the jury answered a special interrogatory finding plaintiff contributorily negligent. Although presented in the context of contributory negligence, the discussion of *Palmer* set forth in *Bauer* is pertinent here:

"*Palmer* also was ahead of its time in abolishing the now discredited imputed-negligence doctrine. * * *

The right of an owner to control the vehicle was the basis for the doctrine. And in the days of the horse and buggy, it was possible for an owner-passenger to exercise a degree of control over the driver. Traffic was light, the speed was slow and the reins could be taken from the driver with relative ease. Thus, passenger control over the physical details of driving was a realistic possibility. * * *

Recent cases, however, have criticized the imputed-contributory-negligence doctrine and the theory on which it is premised. [Citation.] These cases have recognized the danger of permitting a passenger to interfere with a driver while he or she was operating the vehicle. * * *

* * *

Thus, *Palmer* anticipated these criticisms in holding that an owner-passenger was only liable for his or her own negligence in failing to control negligent conduct of a driver. * * * Defendant relies primarily upon the holding in *Palmer* that an owner-passenger has a duty to control the driver. The scope of this duty is the primary issue on appeal.

The mere presence of an owner-passenger in the vehicle does not impose the duty to control. * * * Four cases were cited by *Palmer* as descriptive of the duty to control. In each of these cases the passengers knew or should have known that it was essential for their safety or the safety of a third person to control the conduct of the driver. * * *

The preferred basis of contributory negligence in these situations, as the *Rodgers* court stated, rests upon a *negligent* failure to control the conduct of the driver. The Restatement (Second) of Torts sec. 495 (1965), has reached similar conclusions: 'A plaintiff is barred from recovery if the negligence of a third person is a legally contributing cause of his harm, and the plaintiff has been negligent in failing to control the conduct of such person.' The vast majority of cases purporting to apply the *Palmer* principle have also involved a negligent failure to control negligent conduct. Crucial to these cases were foreseeable risks like, for example, the driver's excessive speed (*Coakley v. Nichols* (1972), 8 Ill. App. 3d 973, 976; *Wassmann v. Ritchason* (1978), 63 Ill. App. 3d 770) or intoxication (*Kitch v. Adkins* (1952), 346 Ill. App. 342, 344), out-of-the-ordinary road conditions (*Koch v. Lemmerman* (1956), 12 Ill. App. 2d 237,

241; *Ritter v. Taucher* (1978), 65 Ill. App. 3d 464, 466, 471) or the known fact that the automobile operator lacked a driver's license (*Hodge v. Bzdon* (1975), 33 Ill. App. 3d 192). In such cases, if no reasonable precautionary measures were taken by the passenger, a finding of contributory negligence would be appropriate.

The defendant argues that the plaintiff's opportunity to observe the risk, without more, should give rise to a duty to take added precautions. Passengers, however, normally trust the driver to operate the vehicle unless there is some reason to be conscious of his or her lack of care; there is no duty to keep a lookout or to warn when the driver is exercising due care and is aware of conditions presenting a risk. *Zank v. Chicago, Rock Island & Pacific R.R. Co.* (1959), 17 Ill. 2d 473, 482-84. See the discussion in Restatement (Second) of Torts sec. 495, comment *c* (1965).

\*\*\* One pair of eyes scanning the roadway has been deemed sufficient in this State. Exceptions to this in the contributory negligence context rest upon a foreseeable risk to the passenger beyond that normally attending the safe operation of a vehicle or upon a special arrangement made between the driver and passenger regarding the vehicle's operation." *Bauer*, 79 Ill. 2d at 328-31, 403 N.E.2d at 239-41.

V. BASES FOR LIABILITY OF OWNER-PASSENGER: THE MODERN VIEW

██ █ The cases indicate a cause of action against Manley Ford can be predicated on two grounds. First, if in fact Long was negligent, his negligence can be imputed to Manley Ford if and only if there was a *respondeat superior* or joint-enterprise relationship between them (see Restatement (Second) of Torts §315, at 122-23 (1965)), but no facts amounting to a special relationship between Long and Manley Ford's agent were pleaded. Thus, any negligence by Long cannot be imputed to Manley Ford. Second, Manley Ford, as owner of the vehicle, may be liable for negligently failing to control Long's driving—but only if the pleadings allege facts to support negligence on the part of Manley Ford for failure to control the conduct of the driver. *Ritter*, 65 Ill. App. 3d at 467, 382 N.E.2d at 345.

VII. PLEADING A CAUSE OF ACTION AGAINST OWNER-PASSENGER FOR NEGLIGENT FAILURE TO CONTROL DRIVER

This brings us to the crux of this case: what must be alleged in

order to state a cause of action in negligence against the owner-passenger of motor vehicle for failure to control the driver?

■■ The cases cited by the parties do not resolve this issue. While *Bauer* approaches it from the perspective of contributory negligence, we find the principles discussed therein instructive. As the circuit court stated in dismissing amended count II in March 1990: "Illinois is a fact pleading State and the Counter-Plaintiff must allege some fact from which it can be shown that Manley Ford, Inc., negligently failed to properly control John D. Long." (See *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) Second-amended count II failed to allege any facts showing Manley Ford negligently violated its duty to control Long as, for example, that Manley Ford knew Long was not validly licensed to drive, was driving while intoxicated or had been driving the car in an irresponsible fashion before the accident. Thus, the court properly granted the motion to dismiss.

The circuit court of Champaign County is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.