No. 2--04--0230                                    filed:11/7/06

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--29 |
| CHARLES E. WHITNEY, | ) ) | Honorable Donald C. Hudson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KAPALA delivered the opinion of the Court:

Defendant, Charles E. Whitney, appeals from the judgment of the circuit court of Kane County denying his postjudgment petition brought pursuant to section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2004)).  Defendant requests that we reverse the trial court's judgment and that we remand the cause to the circuit court for further proceedings on his petition.  We affirm.

I. BACKGROUND

In October 1998, defendant pleaded guilty to one count of home invasion (720 ILCS 5/12--11 (West 1996)) and was sentenced to 17 years' imprisonment and 3 years' mandatory supervised release.  On July 1, 2003, defendant filed a pro se petition for postjudgment relief pursuant to section 2--1401 of the Code.  In his petition, defendant maintained that a conflict between the day-for-day good-conduct credit in section 3--6--3

of the Unified Code of Corrections (730 ILCS 5/3--6--3 (West 1998)) and his three-year term of mandatory supervised release (730 ILCS 5/5--8--1(d) (West 1998)) resulted in a void judgment in violation of his rights under the United States and Illinois Constitutions. Defendant asked the trial court to "issue a corrected mittimus of eleven (11) years, as opposed to the seventeen (17) years."  On July 18, 2003, the State filed a motion to dismiss, the sole contention of which was that the petition was filed beyond the two-year limitations period (735 ILCS 5/2--1401(c) (West 2004)) and, therefore, was untimely.  The State's motion did not address the merits of defendant's petition.

On February 3, 2004, defendant appeared pro se and the court convened the proceedings as follows:

"THE COURT: 98--C--29.  People versus Charles Whitney; Counsel, for the record?          MR. SAMS [Assistant State's Attorney]: Greg Sams.

THE COURT: Okay.  Matter is up this afternoon for the Court's ruling following a Petition that Mr. Whitney had filed pro se, seeking relief from the plea agreement that he had earlier entered into.  The Prosecution then filed a Notice [sic] to Dismiss Mr. Whitney's Petition, and the Court asked that Mr. Whitney be brought to the courtroom this afternoon for the Court's ruling, in person.

***

Mr. Whitney, I've read the Petition[,] I've done the legal research into this. Under the case law, under basic notes [sic] of fairness, you would have the right to add anything in addition that you would like me to consider.  Is there anything in addition that you want to present to the Court, beside the Petition and the cases that you've already presented?

THE DEFENDANT: No, sir."

Thereafter, the trial court reiterated that the "[m]atter comes before the Court for the Court's decision and ruling on the Defendant's Petition for Post Judgment relief pursuant to 735 ILCS, 5/2--1401." The court then discussed, at some length, the characteristics of a section 2--1401 petition before noting that the State had moved to dismiss the defendant's petition as untimely. In denying the motion to dismiss, the trial court observed that defendant's petition raised a claim that the judgment was void and, therefore, the usual two-year limitations period of section 2--1401 was inapplicable. The trial court proceeded to "entertain the allegation under other well-settled legal analysis," that is, the trial court ruled on the merits of defendant's petition. The trial court analyzed the substance of defendant's petition and found that it lacked merit. The trial court denied defendant's petition and advised defendant of his right to appeal. Defendant filed this timely appeal challenging the manner in which the trial court disposed of his petition.

## II. DISCUSSION

As a preliminary matter, we address the State's contention that defendant's argument is moot because he has been released from incarceration. The validity of a sentence becomes a moot question after the sentence is served. People v. Elizalde, 344 Ill. App. 3d 678, 681 (2003). Although defendant is no longer incarcerated, he is currently serving a term of supervised release that does not terminate until December 2008. A defendant's term of supervised release is considered part of his sentence. Elizalde, 344 Ill. App. 3d at 681. Defendant's sentencing claim, therefore, is not moot.

The State argues that, because this is a collateral action, it does not raise the same "policy concerns" that would be present if this were a direct appeal from the trial court's

sentencing order. The State neither identifies these "policy concerns" nor cites any authority to support this claim. This contention, devoid as it is of argument or citation to authority, is waived. See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001. Accordingly, we turn to the substance of defendant's argument on appeal.

Defendant argues that the trial court's dismissal of his petition on the ground that it lacked merit was "fundamentally unfair" because the State's motion to dismiss raised only timeliness concerns and so defendant "was not given notice that the merits would be at issue." Defendant relies on two cases from this district, People v. Gaines, 335 Ill. App. 3d 292 (2002), and People v. Pearson, 345 Ill. App. 3d 191 (2003), both of which set limits on how the trial court may dispose of a section 2--1401 petition.

In Gaines, the defendant filed a section 2--1401 petition to which he attached an affidavit from a woman who averred that certain of her statements that were used against the defendant at trial were coerced by the police. Gaines, 335 Ill. App. 3d at 293. On the date set for hearing on the defendant's petition, the State filed what was deemed a motion to dismiss. Gaines, 335 Ill. App. 3d at 293-94. The defense was not served with a copy before the hearing on the petition, and the trial judge who presided at the hearing was not the judge who had presided at the defendant's trial. Gaines, 335 Ill. App. 3d at 293-94. The State argued at the hearing that the woman's statements in her affidavit did not differ from the statements used at trial and, therefore, did not constitute newly discovered evidence. Gaines, 335 Ill. App. 3d at 294. The assistant public defender who appeared for the defendant advised the court that he was unprepared to argue against the State's motion to dismiss, because he had received no prior notice of it. Gaines, 335 Ill. App. 3d

at 294.  The trial court accepted the State's argument and granted the State's motion. Gaines, 335 Ill. App. 3d at 295.

This process, we found, was "seriously flawed."  Gaines, 335 Ill. App. 3d at 296. We explained that, unlike a postconviction petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122--1 et seq. (West 2004)), "[a] section 2--1401 petition is akin to the complaint in a civil action, and to challenge the petition, the opponent must either move to dismiss it or file an answer."  Gaines, 335 Ill. App. 3d at 296.  "[B]asic notions of fairness," we said, "dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State."  Gaines, 335 Ill. App. 3d at 296.  We found:

> "Defendant's attorney was not given adequate notice of the motion and did not have a meaningful opportunity to respond.  This was particularly unfair in this case as the State based its argument, in part, on evidence at trial even though the judge who heard the State's motion had not presided over the trial and was not familiar with the evidence. *** [D]efendant should have had an opportunity to respond to the State's factual representations about what occurred at trial."  Gaines, 335 Ill. App. 3d at 296.

In Pearson, the trial court dismissed the defendant's section 2--1401 petition without any responsive pleading from the State and without any hearing.  We considered this "a complete abrogation of the adversary process" because "[b]asic notions of fairness dictate that defendant be afforded the same notice and opportunity to respond that he would have had if the State had filed a motion to dismiss."  Pearson, 345 Ill. App. 3d at 195.

Here, in contrast to Gaines and Pearson, the State filed a motion to dismiss, and defendant was afforded notice of, and an opportunity to respond to, that motion. Defendant's contention, therefore, is not that he was denied a meaningful opportunity to address a point raised in the State's motion, as happened in Gaines. Nor is his contention that the trial court summarily dismissed the petition, as happened in Pearson. Rather, defendant's contention is that, because the State's motion to dismiss claimed only that the petition was untimely, the trial court erred in dismissing the petition on the merits.

Defendant has mischaracterized the trial court's ruling in this case as a dismissal of his section 2--1401 petition when, in fact, the trial court denied his petition on the merits. The record shows that at the outset of the proceeding on February 3, 2004, the trial court explained that the matter was up for a ruling on (1) defendant's petition, and (2) the State's motion to dismiss defendant's petition. After offering defendant an opportunity to present any additional matters that he wanted the court to consider, the trial court once again stated that the matter was up for the court's ruling on defendant's petition. After explaining its rationale for rejecting the argument defendant asserted in his petition, the trial court stated, in a most positive manner, that "the Defendant's Motion [sic] is denied." Moreover, the trial court's written order of February 3, 2004, provides that "[defendant's] petition for relief under 735 ILCS 5/2--1401 is denied, for the reasons stated on the record." If the trial court had acted upon the State's motion to dismiss, as defendant suggests, the court would have entered an order granting the State's motion rather than denying relief to defendant. In fact, the trial judge stated, "the Court is not going to dismiss the Defendant's Petition because it was not filed in the statutory time period."

The dissent accepts defendant's argument, which is based upon the faulty premise that the trial court dismissed his petition. In our view, however, on February 3, 2004, the trial court conducted a simultaneous hearing on both the State's motion to dismiss and defendant's section 2--1401 petition. The result of that proceeding was the denial of the State's motion to dismiss followed by the denial of defendant's section 2--1401 petition on its merits.

On appeal, defendant does not argue that there was anything inherently wrong with conducting a simultaneous hearing on the State's motion and his petition. This is understandable considering his mischaracterization of the trial court's ruling. Nevertheless, any argument that the trial court erred in conducting a simultaneous hearing is waived (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001).

Defendant also waived the simultaneous-hearing issue when he, unlike the defendant in Gaines, failed to pose any objection in the trial court. At the beginning of the proceeding on February 3, 2004, the trial court stated that the matter was up for the court's ruling on both "a petition that [defendant] had filed pro se" and the State's "Notice [sic] to dismiss [defendant's] petition." Defendant was thereby expressly put on notice that the trial court intended to rule on both matters that day. Defendant posed no objection. Additionally, before ruling on both matters, the trial court reiterated that the "[m]atter comes before the Court for the Court's decision and ruling on Defendant's Petition for Post Judgement relief pursuant to 735 ILCS 5/2--1401," advising defendant in no uncertain terms that the court was about to address the merits of the petition. Again, defendant posed no objection. " ' "An accused may not sit idly by and allow irregular proceedings to

occur without objection and afterwards seek to reverse [the judgment] by reason of those same irregularities." ' [Citations.]" People v. Bull, 185 Ill. 2d 179, 200 (1998).

Not only did defendant not object when the trial court announced that both matters would be addressed, defendant forwent the opportunity to participate in the hearing when he declined the trial court's offer to present evidence or further argument in support of his petition. The trial court informed defendant that "[u]nder the case law, under basic notes [sic] of fairness, you would have the right to add anything in addition that you would like me to consider" and then asked defendant, "Is there anything in addition that you want to present to the Court, beside[s] the Petition and the cases that you've already presented?" This was defendant's opportunity to present evidence and to further address the merits of his petition. As indicated, defendant declined. We conclude that defendant's express decision to stand on his petition at the hearing rather than present evidence or further legal argument, and his failure to object to the simultaneous hearing, constituted acquiescence to the joint proceeding. We note that it is permissible for a petitioner to waive any obligation a respondent may have to file an answer to a section 2--1401 petition. See Dealer Management Systems, Inc. v. Design Automotive Group, Inc., 355 Ill. App. 3d 416, 419 (2005).

We are mindful that defendant has argued, in a general manner, that the proceedings in the trial court were fundamentally unfair because he was not given notice that the merits would be at issue. As we explained above, at the beginning of the proceeding on February 3, 2004, the trial court informed defendant that it intended to rule on his petition that day. There is nothing in the record to indicate that defendant had prior notice of the purpose of the February 3, 2004, hearing. However, by the time he was

transported to the circuit court, he had knowledge that he had filed a section 2--1401 petition and that the State had filed a motion to dismiss his petition. We note specifically that defendant was not advised that the only purpose for this hearing was to address the State's motion to dismiss. In any event, on February 3, 2004, after being informed that both the State's motion to dismiss and his petition were before the court, defendant posed no objection to any lack of prior notice and, as indicated above, acquiesced in the simultaneous proceeding.

Defendant relies heavily on Gaines to support his position. However, Gaines is inapposite. First, in contrast to the situation in Gaines, where the State's motion to dismiss was filed on the same day it was heard, in our case the State's motion to dismiss was filed 6½ months before the February 3, 2004, hearing. Second, the defense in Gaines objected to proceeding with the hearing on the motion to dismiss, while in this case defendant acquiesced in the hearing. Finally, in Gaines the State's motion to dismiss was granted, while the State's motion to dismiss in the instant cause was denied. Gaines teaches that fundamental notions of fairness are violated where a trial court grants a motion to dismiss a defendant's section 2--1401 petition and the defendant did not have adequate notice or a meaningful opportunity to be heard. Gaines, 335 Ill. App. 3d at 296. Here, however, defendant had both notice of the motion to dismiss and an opportunity to be heard on that motion, which in any event was denied.

Defendant's acquiescence to the trial court reaching the merits of his petition is understandable in view of the fact that the argument he advanced in his petition was purely a legal one. Thus, it stands to reason that defendant deemed it unnecessary to call any witnesses or to present any other evidence at the hearing. Moreover, putting aside the

merits of the argument, defendant's pro se petition is a well-written, coherent, 12-page document complete with accurate citations to pertinent statutes and case law. Thus, it is also understandable that defendant chose to stand on the legal arguments and authorities within his petition and declined the opportunity to argue the merits further.

III. CONCLUSION

Defendant does not contend on appeal that the trial court's analysis of the merits of his petition was deficient. In fact, defendant's position is that the cause should be remanded without regard to the merits of the underlying claim. Consequently, having found no unfairness in the proceedings on defendant's section 2--1401 petition, we affirm the judgment of the circuit court of Kane County denying defendant's petition.

Affirmed.

CALLUM, J., concurs.

JUSTICE O' MALLEY, dissenting:

In Gaines, this court stated that, unlike a postconviction petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122--1 et seq. (West 2004)), "[a] section 2--1401 petition is akin to the complaint in a civil action, and to challenge the petition, the opponent must either move to dismiss it or file an answer." Gaines, 335 Ill. App. 3d at 296. Once the implications of Gaines' statement for section 2--1401 procedures are realized, it becomes clear that a trial court cannot sua sponte address the merits of a defendant's section 2--1401 petition, as the trial court did here.

If, as Gaines instructs, a section 2--1401 petition is akin to a civil complaint, then a motion to dismiss that attacks the petition as untimely is akin to a motion to dismiss under

section 2--619 of the Code (735 ILCS 5/2--619 (West 2004)). Section 2--619(a)(5) provides in relevant part:

"Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(5) That the action was not commenced within the time limited by law."

735 ILCS 5/2--619(a)(5) (West 2004).

Section 2--619 allows for a dismissal under different theories from section 2--615 of the Code (735 ILCS 5/2--615 (West 2004)). A section 2--615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2--619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeat the action. Northern Trust Co. v. County of Lake, 353 Ill. App. 3d 268, 278 (2004). " 'Motions made pursuant to section 2--619 of the Code must be limited to the grounds enumerated therein. [Citations.] Failure to state a cause of action is not such an enumerated ground, but is instead a basis for a section 2--615 motion.' " AG Farms, Inc. v. American Premier Underwriters, Inc., 296 Ill. App. 3d 684, 688 (1998), quoting Universal Underwriters Insurance Co. ex. rel Manley Ford, Inc. v. Long, 215 Ill. App. 3d 396, 399 (1991). Confusing a section 2--615 motion to dismiss with a section 2--619 motion to dismiss may have "severe" consequences and "should not be countenanced" by trial judges. Rowan v. Novotny, 157 Ill. App. 3d 691, 693 (1987).

In Rowan, the defendant filed a motion to dismiss, purportedly under section 2--619, which raised several contentions, among them that the plaintiff failed to state a cause of action. The trial court granted the motion to dismiss without specifying any reasons for the dismissal or citing the specific statutory section under which the dismissal was made. On appeal, the defendant defended the dismissal by arguing that the plaintiff's complaint failed to state a cause of action. The appellate court held that this argument was never properly before the trial court because it was "not [an] argument[] to be advanced through a section 2--619 motion but rather through a section 2--615 motion." Rowan, 157 Ill. App. 3d at 694. The court explained:

"It would be improper and unjust to allow the defendant to attack the complaint after failing to file a proper motion pointing out specifically the defects complained as required by [section 2--615] because the purpose of the statute is to give the plaintiff an opportunity to respond to the objection and to cure the defect in the trial court." Rowan, 157 Ill. App. 3d at 694.

Given the parallels between a motion to dismiss a civil complaint under section 2--619 and a motion to dismiss a section 2--1401 petition not on the merits of the petition but only on an affirmative matter such as timeliness, the impropriety of the trial court's procedure here is clear. Defendant, faced with a motion to dismiss that raised only timeliness issues, had a right to expect that the merits of his claim would not be addressed at the hearing on that motion to dismiss, just as a plaintiff in a civil action would not expect the trial court to raise issues about the legal sufficiency of his claims in addressing a section 2--619 motion to dismiss. The trial court, I conclude, erred in reaching the substance of defendant's petition.

The majority does not acknowledge my points here but rules against defendant largely by finding his claims procedurally defaulted. The majority applies notions of "waiver" and "acquiescence" but not persuasively. First, the majority suggests, rather strangely, that defendant's argument "is based upon the faulty premise that the trial court dismissed his petition" rather than "conducted a simultaneous hearing on both the State's motion to dismiss and [his] *** petition," and that I have bought into defendant's erroneous assumption by accepting his argument. Slip op. at 7. The majority proceeds to find that, because defendant has not attacked the legitimacy of that "simultaneous hearing," he has waived any challenge to that hearing. Slip op. at 7. The majority's claim bewilders me. I do not know why defendant would be arguing, and I agreeing, that the trial court erred in reaching the merits of his petition unless we both believed that the trial court actually reached the merits of his petition through a "simultaneous hearing" and then rejected those merits. The "faulty premise" I see at work here is the majority's belief that defendant has not argued on appeal that the trial court erred in reaching the merits of his petition.

Second, the majority finds waiver for the additional reason that defendant failed to object in the trial court to the simultaneous hearing. I do not share the majority's comfort with using waiver to defeat the claims of a pro se criminal defendant under section 2--1401, particularly where, as here, the State has not argued waiver and the defendant's arguments on appeal implicate rights that we so zealously defended in Gaines and Pearson.

The majority alternatively finds that defendant acquiesced in the simultaneous hearing by declining the opportunity given him by the trial court to present any additional matter on the petition before the trial court ruled on it. Even if (as I dispute) the trial court

had authority to address sua sponte the merits of defendant's petition, the procedure employed by the trial court still was deficient. What the trial court in essence did was (using the Gaines analogy again) invoke section 2--615 on its own initiative to dismiss defendant's petition. A section 2--615 motion "shall point out specifically the defects complained of." 735 ILCS 5/2--615(a) (West 2004). The trial court did not identify any defects in defendant's petition before asking if he wanted to add anything regarding the petition. The trial court did, of course, subsequently identify several defects in the petition, but the court proceeded to dismiss the petition without affording defendant an opportunity to address the alleged deficiencies. The trial court's unsolicited venture into the merits of defendant's petition no more complied with section 2--615 than would a procedure in which the State filed a motion, purportedly under section 2--615, that made no assertions but simply asked defendant if had anything to add to his petition and the trial court immediately granted the motion, with or without any stated reasons, and provided defendant no opportunity to respond.[1]

The majority asserts that "it is permissible for a petitioner to waive any obligation a respondent may have to file an answer to a section 2--1401 petition," and cites as authority Dealer Management Systems. Dealer Management Systems, however, does not state any

---

[1]It might be argued that the trial court could have cured any prejudice to defendant in the handling of his petition by allowing him to amend the petition to cure the defects identified by the court. The record does not show whether the dismissal of the petition was with prejudice. However, the trial court's stance toward a potential amendment may be reflected in the fact that it informed defendant of his appellate rights immediately after announcing the dismissal of the petition.

such general rule, and its facts, which the majority neglects even to mention, are unlike what occurred here. In Dealer Management Systems, the plaintiff filed a section 2--1401 petition seeking to vacate the dismissal of his complaint. The plaintiff set the petition for a hearing on a particular day. The defendant neither answered the petition nor moved to strike it. On the day set for the hearing, the trial court entered an order denying the petition. The plaintiff appealed, arguing that, because the defendant failed to answer the petition or move to strike it, its allegations must be taken as true. We disagreed, noting that our supreme court rules state that a party served with a section 2--1401 petition is entitled to notice that it must answer or otherwise respond to the petition within 30 days after service of the petition. Dealer Management Systems, 355 Ill. App. 3d at 419. We noted that, because the record did not indicate when the plaintiff served the petition, we could not determine whether the defendant's time to answer had expired when the trial court denied the petition. We also observed that the notice served by the plaintiff did not inform the defendant that it was required to respond to the petition. We concluded that the plaintiff waived the requirement that the defendant answer or otherwise respond to the petition. Dealer Management Systems, 355 Ill. App. 3d at 419.

I fail to see any relevant similarities between Dealer Management Systems and the present case. Defendant does not suggest that this court should take the allegations of his petition as true; rather, he argues that the trial court had no authority to reach the merits of his claims given the scope of the State's challenge. There is also no suggestion that defendant failed to comply with the rules pertaining to the service of a section 2--1401 petition, a breach of which was the basis for the finding of waiver in Dealer Management

Systems. Not only is <u>Dealer Management Systems</u> factually distinguishable, but the case gives no rule by which waiver might be applied in contexts different than its own.

Rather than dispense with defendant's claims on dubious grounds of procedural default, the majority ought to reach the vital issue that begs for resolution: whether the trial court's action was consistent with the civil complaint/section 2--1401 analogy that drove our decisions in <u>Pearson</u> and <u>Gaines</u>.

I should also note that a harmless-error analysis is not applicable here. In <u>Pearson</u> we refused to apply a harmless-error analysis, because the trial court's summary dismissal of the defendant's section 2--1401 petition was "a fundamentally incorrect form of proceeding." <u>Pearson</u>, 345 Ill. App. 3d at 196. We explained:

"[W]e can conduct harmless-error analysis only by examining fundamentally proper proceedings and considering whether, if we removed the effect of an error, we would obtain the same result. Where the error is that the proceedings were of fundamentally the wrong kind, we cannot speculatively recreate the right proceedings to determine what should have been the result. A section 2--1401 petition invokes an adversarial proceeding brought under the Code. Despite the predictability of the ultimate dismissal of this petition, we think that the procedure by which the trial court dismissed it was simply too far removed from what defendant was entitled to for us to review the matter as if defendant had been given notice and an opportunity to answer." <u>Pearson</u>, 345 Ill. App. 3d at 196.

Because the dismissal of defendant's petition in the present case was based on an error analogous to confusing a section 2--615 motion to dismiss with a section 2--619

motion to dismiss, the dismissal was "a fundamentally incorrect form of proceeding" to which harmless-error analysis does not apply.